UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Koninklijke Philips Electronics NV,<br><br>Plaintiff,<br><br>v.<br><br>Cardiac Science Operating Company,<br><br>Defendant. | Case No. C08-543 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING CLAIM CONSTRUCTION AND ORDER OF DISMISSAL |

This matter comes before the Court on Plaintiff's motion for the Court to schedule a claim construction hearing. (Dkt. No. 15.) After reviewing the motion, Defendant's response (Dkt. No. 20), Plaintiff's reply (Dkt. No. 22), additional briefing submitted by both parties (Dkt. Nos. 27 &28), the balance of the record, and after having heard oral argument from the parties, the Court DENIES the motion and DISMISSES the matter for the reasons set forth below.

**Background**

This action arises out of an Interference Proceeding before the Board of Patent Appeals and Interferences (the "Board") involving the Morgan U.S. Patent No. 6,241,751, assigned to Philips, and the pending Owen application, Serial No. 10/159,806, assigned to Cardiac Science. Philips' patent and Cardiac Science's patent application contained interfering subject matter in the form of an identical claim, found at claim 15 of each. This claim constituted the single Count of the interference proceeding and read:

ORDER DENYING MOTION AND ORDER OF DISMISSAL— 1

> A method for delivering an impedance-compensated defibrillation pulse to a patient, comprising: measuring a patient impedance of said patient; selecting from a set of configurations in an energy storage capacitor network to deliver an impedance-compensated defibrillation pulse to said patient responsive to said patient impedance; and delivering said impedance-compensated defibrillation pulse to said patient.

The Board was charged with determining which party had first invented the interfering subject matter and was not required to reach issues of patentability. See 35 U.S.C. § 135(a). Philips bore the burden of proof on the issue of priority.

The proceeding was conducted in two phases: (1) a preliminary motions phase; and (2) a priority phase. The Board determined that Cardiac Science had priority. Phillips' current action, brought pursuant to 35 U.S.C. § 146, alleges that a number of the Board's decisions were erroneous.

**Analysis**

35 U.S.C. § 146 grants this Court authority to review an interference decision. A section 146 proceeding is "a hybrid of an appeal and a trial de novo." Estee Lauder Inc. v. L'Oreal, S.A., 129 F.3d 588, 592 (Fed. Cir. 1997). Plaintiff bears the burden and must establish error by the Board. Andrew Corp. v. Gabriel Electronics, Inc., 782 F. Supp. 149, 150-151 (D. Me. 1992).

The issue presented by this motion is whether the Board erred in failing to construe the claim "impedance-compensated defibrillation pulse." The Board never made a single decision <u>not</u> to construe the claim, but instead determined that claim construction was not necessary to resolve Philips' preliminary motions. No authority suggests that the Board is required to perform claim construction when it is not necessary to decide an issue presented in a party's motion.

The Board's reasons for denying or dismissing each motion were grounded in the application of the Board's own procedures and regulations. The Court reviews these decisions, made pursuant to the permissive rules governing a patent interference proceeding, for abuse of discretion. Eli Lilly & Co. v. Bd. of Regents, 334 F.3d 1264, 1266 (Fed. Cir. 2003). An abuse of discretion exists if the Board's decision is clearly unreasonable or arbitrary, or if the decision

is based on an erroneous conclusion of law, clearly erroneous factual findings, or on a factual record that does not support the Board's conclusion. Id.

I. Review of the Board's Decisions

Philips brought five motions in the preliminary phase of the proceeding and made a late request to file a motion for a judgment of no interference-in-fact. Philips alleges that the Board erred in its decision denying leave to file the late motion and in the decisions on Philips' preliminary motions 3, 4, and 5. Because the Board provided procedural grounds for each denial or dismissal, the Court reviews these decisions for abuse of discretion.

1. Board Denied Leave to File a No Interference-In-Fact Motion

On September 14, 2006, one day after the deadline for submitting motions, Philips requested leave to file an additional motion for judgment of no interference-in-fact. (Dkt. No. 16-7 at 3.) In its request, Philips explained that it had just discovered the possibility that the claim in the Owen application and the claim in the Morgan patent could be construed differently. (Id. at 3.) The Board denied Philips' request, stating:

> The basis for the request, explained by counsel for Morgan, is that he did not realize, until several days ago in a different conference call with the patent judge in another interference, that each party's claims are construed in the context of the respective application or patent in which they appear, even for an applicant's claims which are copied from a patentee. But that rule of construction should not be unknown or unexpected to Morgan's counsel. It has been more that 10 years since the interference rules have been amended to state so explicitly.

(Dkt. No. 21-11 at 2 (citations omitted).) The Board justified its denial on multiple grounds: (1) Philips' mistake of law was inexcusable and Philips had not demonstrated excusable neglect; (2) Philips made its request two months after the deadline for identifying motions, thereby prejudicing Cardiac Science; and (3) the Board intended to enforce the motions list requirement as part of the "orderly and efficient administration of interference proceedings." (Id. at 2-4.)

The Board's denial is a clear application of its own rules of procedure. Phillips made the request to file a no interference-in-fact motion two months after it was required to submit a list of proposed motions. Given the Board's interest in preserving the integrity of its own procedural

ORDER DENYING MOTION AND ORDER OF DISMISSAL— 3

process, the Court does not find that the Board abused its discretion in denying that request.

2. <u>Philips Motion No. 3</u>

In this motion, Philips alleged that some of its claims did not correspond to the identified Count. Philips attempted to insert a no interference-in-fact argument into the motion by claiming that a broad interpretation of the Count would leave no interfering subject matter. Alternatively, Philips stated that it would withdraw its motion if the Board adopted a narrow interpretation of the Count. (Dkt. No. 16-8 at 6.) The Board addressed this argument, stating:

> [w]hether there is interference-in-fact, of course, is a question far different from the one with which Morgan's Motion 3 is involved, i.e., whether certain Morgan claims should be designated as not corresponding to the count. Morgan was not authorized to file a motion alleging no-interference-in-fact and did not file a motion alleging no interference-in-fact. The reference to no interference-in-fact obfuscates and detracts from the real issues.

(Dkt. No. 16-20 at 6.)

Philips offers no persuasive reason why claim construction would be required to resolve the issue addressed by the motion – whether the Philips' claims properly corresponded to the Count. Ultimately, either of the proposed claim constructions would have resulted in dismissal of the motion. If the Board interpreted the claim narrowly, Philips would have withdrawn the motion; if the Board interpreted the claim broadly, the Board would have reiterated its ruling that Philips was not authorized to bring a no interference-in-fact motion. When all proposed interpretations would yield the same result, there is no error in failing to construe the claim. <u>Eli Lilly</u>, 334 F.3d at 1272 (upholding Board's decision because Board tested both of the claim constructions proposed by the plaintiff and determined that both would yield the same result).

Philips also takes issue with the Board's allocation of the burden of proof. (Dkt. No. 22 at 9.) The Board acknowledged Philips' differing interpretations of the Count, but held that Philips had not met its burden "to establish and demonstrate the interpretation that it seeks for each alternatives [sic] of the count." (Dkt. No. 16-20 at 7.) In a later decision denying Philips' motion for a rehearing on Motion No. 3, the Board further articulated that burden. The Board acknowledged that Philips described two interpretations of the count, one narrow and one broad,

ORDER DENYING MOTION AND ORDER OF DISMISSAL— 4

but stated that Philips:

> did not attempt to establish one interpretation over the other. Without committing to either position, Morgan invited the Board to interpret the claims which define the count and simply urged the consequence corresponding to either interpretation[: if narrow, then Morgan would withdraw the motion; if broad, then there would be no interference-in-fact]. We declined to take on that task without Morgan's taking on its own burden of proof. Morgan's describing two possibilities, either of which evidently was acceptable to Morgan, did not persuade us one way or the other.

(Dkt. No. 21-6 at 3.) Phillips' argument that this decision was erroneous is unconvincing. Phillips relies on authority stating that courts do not apply burdens of proof when performing claim construction in an infringement action. See Level One Communs. v. Seeq Tech., 987 F. Supp. 1191, 1196 (N.D. Cal. 1997). However, the Board's discussion of Philip's burden relates only to Philip's burden of proof on the motion itself and makes no reference to a burden of proof during any claim construction process.

### 3. Philips Motion No. 4

In Motion No. 4, Philips alleged that claims in the Owen application were not sufficiently supported by written description and were therefore unpatentable under 35 U.S.C. § 112. Because this motion addresses only the claim in the Owens application, comparative claim construction of the contested term is not relevant to the analysis. As the Board stated:

> [h]ow a term in 'Owen's claims' is specially defined in the moving party 'Morgan's specification' has no relevance in the context of Morgan's assertion that Owen's specification provides no written description support for Owen's claims. Under the patent statute, 35 U.S.C. § 112, first paragraph, Owen's application has to provide a written description for the invention Owen claims, not for an invention someone else claims.

(Dkt. No. 16-20 at 12.) Nonetheless, Philips again attempted to insert a no interference-in-fact argument into the motion and asserted that a broad construction of the term in the Owen application and a narrow construction of the term in the Morgan patent would result in no interfering subject matter. The Board responded to this argument with the following:

> assuming that the two interpretations would lead to a finding of no interference-in-fact, that would mean only that a motion alleging no interference-in-fact would have been successful, but Morgan filed no such motion. Morgan chose a litigation strategy which pursued a motion alleging lack of written description rather than no interference-in-fact.

(Id. at 14.)

ORDER DENYING MOTION AND ORDER OF DISMISSAL— 5

1    The Court does not find that the Board's decision on this motion was in error. The Board
2 was within the bounds of its own discretion in refusing to reach the no interference-in-fact issue,
3 thereby enforcing its previous order denying Philips leave to bring such a motion.

        4. Philips Contingent Motion No. 5

   This motion, alleging that the Owen application was unpatentable over prior art, was
contingent on a specific interpretation of the contested claim. Because none of the preliminary
motions required claim construction, the Board had not previously construed the contested claim
and had not assigned it an interpretation. The Board therefore dismissed the contingent motion
without reaching the merits.

   The Board did not err in dismissing the motion because the contingency on which it was
premised never arose. (Dkt. No. 16-20 at 17 ("The motion is expressly contingent upon the
Board's actually having ruled that the claim term 'impedance compensated defibrillation pulse'
in Owen's claims allows capacitor configuration on the basis of patient impedance alone[.]").)
As discussed above, the Board determined that claim construction was not necessary to resolve
Phillips' preliminary motions. Again, the Board has discretion to establish and enforce its own
procedural rules and has chosen to allow parties to file contingent motions. Having filed such a
motion, Phillips cannot convincingly argue that the Board erred when it declined to reach the
merits of that motion because the contingency, claim construction, was not necessitated by the
other motions it filed.

**Conclusion**

Because the Board did not err in failing to construct the contested claim, the Court denies Plaintiff's current motion. Further, the issues presented in Plaintiff's motion address all the claims set forth in Plaintiff's complaint and leave no issue for this Court to resolve.[1] Plaintiff's motion is hereby DENIED and the case is hereby DISMISSED with prejudice.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: September 23, 2008.

*[signature]*

Marsha J. Pechman

U.S. District Judge

---

[1] In additional briefing submitted on September 9, 2008, Plaintiff argued that the current motion reaches "every claim set forth in Philips' complaint except one – that the APJ erred in refusing to permit Philips to fil a motion for 'no interference-in-fact.'" (Dkt. No. 27 at 4.) The Court disagrees and believes that issue was presented in Plaintiff's motion. (See Dkt. No. 15 at 10; Dkt. No. 22 at 10-11.) As discussed above, the Court finds no abuse of discretion in the Board's denial of Philips' request to file a no interference-in-fact motion.