UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V., <br><br> Plaintiff, <br><br> v. <br><br> CARDIAC SCIENCE OPERATING COMPANY, <br><br> Defendant. | CASE NO. C08-543 MJP <br><br> ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's motion for summary judgment. (Dkt. No. 91.) Having reviewed the motion, the response (Dkt. No. 93), the reply and praecipe (Dkt. Nos. 94, 97), and all supporting papers, the Court DENIES the motion.

**Background**

The parties are involved in a patent dispute involving external cardiac defibrillation devices. Plaintiff Koninklijke Philips Electronics N.V. is the assignee of U.S. Patent No. 6,241,751 (the "'751" patent), which discloses a cardiac defibrillator that delivers electrical shocks to a patient's heart during ventricular fibrillation. The patent issued on June 5, 2001 after

1  it was submitted on April 22, 1999.  The '751 patent discloses an invention that delivers an

2  electrical shock based on two parameters: "First the defibrillator uses multiple capacitor

3  configurations to measure a patient's transthoracic impedance . . . [and] [s]econd the defibrillator

4  uses the capacitors to deliver varying energy levels measured in joules that on operator can select

5  for delivering electric shock." (Dkt. No. 50 at 4.)  On March 6, 1998, Defendant Cardiac

6  Science Operating Company filed a patent application for a multiple capacitor cardiac

7  defibrillator.  On May 31, 2002, Defendant filed a continuation application, serial no. 10/159,806

8  (the "Owen application"), in which Defendant copied claims 1-37 of the '751 patent to provoke

9  interference proceedings.

10       At claim construction, the Court determined that the sole disputed term, "impedance-

11  compensated defibrillation pulse," meant "a defibrillation pulse produced from an energy storage

12  capacitor network with an overall capacitance and charge voltage that are tailored to patient

13  impedance and the desired energy level." (Dkt. No. 83 at 5.)  During claim construction,

14  Defendant argued that the Owen application used the term impedance-compensated defibrillation

15  pulse to describe a defibrillation pulse based only on patient impedance, not also on the desired

16  energy level. (Id. at 6.)  The Court agreed, stating that "the Owen application does not refer to

17  using the desired energy level to set the 'impedance-compensated defibrillation pulse.'" (Id.)

18  Defendant now argues that the undisputed facts show that the Owen application provides an

19  adequate written description of "a defibrillation pulse delivered from a capacitor configuration

20  that is tailored to both a desired energy level and patient impedance." (Dkt. No. 91 at 4.)

21                                              **Analysis**

22       Summary judgment is proper if the pleadings, depositions, answers to interrogatories,

23  admissions on file, and affidavits show that there are no genuine issues of material fact for trial

24

and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Whether a patent contains an adequate written description in accord with 35 U.S.C. § 112 depends on whether the patent application demonstrates possession of the claimed invention at the time the application was filed. Ariad Pharms., Inc. v. Eli Lilly and Co., 598 F.3d 1336, 1356 (Fed. Cir. 2010) (en banc). "The description must 'clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed.'" Id. at 1351 (quoting Vas-Cath Inc. v. Mahurkar, 935 F.2d 1555, 1562-63 (Fed. Cir. 1991)). "[T]he level of detail required to satisfy the written description requirement varies depending on the nature and scope of the claims and on the complexity and predictability of the relevant technology." Id. The inquiry into possession of a claimed invention "requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art." Id. "Based on that inquiry, the specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed." Id.

Defendants have not demonstrated an absence of disputed material facts regarding the adequacy of the written description. The parties dispute whether the Owen application adequately discloses a defibrillator using both patient impedance and a desired energy level to determine the capacitor configuration. Defendant's position on this issue has itself changed from claim construction to the present motion. (Compare Dkt. No. 83 at 6-7 with Dkt. No. 91 at 4.) The Court cannot resolve the dispute at summary judgment. Moreover, each party's expert disputes whether the written description is adequate. (Compare Wolf Rep. at 18:13-19:14 with Kroll Rep. at 18:17-21:9.) The dispute between these two persons purportedly skilled in the art satisfies the Court that summary judgment is improper on this record. These issues must be determined by the fact finder.

**Conclusion**

Defendant has failed to show that it is entitled to summary judgment on the present record. The Court therefore DENIES summary judgment.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of December, 2010.

Marsha J. Pechman
United States District Judge

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT- 4